# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JAMES J. KUHNS,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1383** (BOR Appeal No. 2047160)
(Claim No. 2004026853)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WINDSOR COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James J. Kuhns, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mark A. Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2012, in which the Board affirmed an April 5, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 17, 2011, decision granting Mr. Kuhns permanent total disability benefits with an onset date of May 17, 2006. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Kuhns worked as an underground coal miner for Windsor Coal Company. Mr. Kuhns suffered several compensable injuries throughout the course of his employment, for which he received several permanent partial disability awards. On May 17, 2006, Mr. Kuhns applied for permanent total disability benefits noting that he had received a sum of 74% permanent partial disability awards. Mr. Kuhns's case was submitted to the Permanent Total Disability Review Board. The Board found that Mr. Kuhns had met the 50% whole person medical impairment threshold. The Board also found that Mr. Kuhns was permanently and totally disabled from his compensable injuries. It recommended that Mr. Kuhns be granted permanent total disability benefits. On August 17, 2011, the claims administrator granted Mr. Kuhns permanent total disability benefits with an onset date of May 17, 2006, based on the Board's recommendation. On April 5, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on October 25, 2012, leading Mr. Kuhns to appeal.

The Office of Judges concluded that May 17, 2006, was the proper onset date for Mr. Kuhns's permanent total disability benefits. The Office of Judges found that date was when Mr. Kuhns filed his application for permanent total disability benefits. The Office of Judges determined that this date occurred subsequent to the date on which Mr. Kuhns met the filing threshold for permanent total disability benefits. The Office of Judges also found that the May 17, 2006, onset date complied with the provisions of West Virginia Code § 23-4-6(j)(5) (2005). The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, Mr. Kuhns argues that the proper onset date is September 18, 2001, the date on which he met the filing threshold for permanent total disability benefits under West Virginia Code § 23-4-6(n)(1) (2005).

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. The proper onset date for Mr. Kuhn's permanent total disability benefits is May 17, 2006, the date on which he filed his application. The Office of Judges correctly applied West Virginia Code § 23-4-6(j)(5) in this case. Mr. Kuhn is not entitled to an earlier onset date for his award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 29, 2014**

2

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II